## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR183** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **RONALD PROKUPEK and** | ) | |
| **CHRISTINE McGLOTHLEN,** | ) | |
| | ) | |
| **Defendants.** | | |

This matter is before the Court on the Report and Recommendation (Filing No. 77) issued by Magistrate Judge F.A. Gossett recommending that the motions to suppress filed by the Defendant Ronald Prokupek (Filing No. 52) and the Defendant, Christine McGlothlen (Filing No. 49), be denied.   Each Defendant filed objections to the Report and Recommendation, and McGlothlen filed a separate brief (Filing Nos. 81, 82, 83) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendants are charged in a one-count Indictment with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.   They seek the suppression of evidence obtained as a result of a February 29, 2008, traffic stop.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation.   Judge Gossett concluded: probable cause existed for the traffic stop; the officer had reasonable suspicion to expand the scope of the stop, and the stop was reasonable in length; and the drug dog's indication was sufficiently reliable to establish probable cause for the search of the vehicle.   Judge Gossett therefore recommended that the motions to suppress be denied.

**FACTUAL BACKGROUND**

Judge Gossett provided a detailed account of the events surrounding the traffic stop. The Court has considered the transcript of the hearing.  (Filing Nos. 63, 71, 76.)  The Court also carefully viewed the evidence.  (Filing Nos. 57, 65.)  Objections to Judge Gossett's factual findings are discussed below.  Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings  in their entirety.

**ANALYSIS**

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

***I.     Prokupek's Objections***

Prokupek objects to the following findings of fact:

- Trooper Estwick stopped the car because Prokupek failed to signal a northbound turn from the I-80 exit ramp.  (Prokupek argues that Judge Gossett disregarded conflicting evidence in the videotape.)

- Trooper Estwick's testimony is credible.

Prokupek objects to the following conclusions of law:

- Trooper Estwick had probable cause for the traffic stop;

- the stop and ensuing detention were reasonable in scope and duration;

- probable cause supported the search of his vehicle; and

•      Defendants' Exhibit 108 was not admissible into evidence.

The objections are discussed below.

## II.     McGlothlen's Objections

McGlothlen objects to the following factual finding:

•      Trooper Estwick observed Prokupek's failure to signal at the stop before

turning north on Highway 66.

McGlothlen objects to the following conclusions of law:

•      Trooper Estwick had probable cause for the traffic stop;

•      McGlothen reasonably was detained because Prokupek appeared to have

been using drugs;

•      the drug dog's alert was sufficient probable cause for the search of the car;

•      the drug dog "indicated" after sniffing the car; and

•      the drug dog was reliable.

## III.    Trooper Estwick's Credibility; Probable Cause for the Traffic Stop

According to the videotape, Trooper Estwick told Prokupek that Prokupek signaled

his turn onto the highway but did not signal his turn from the interstate to the exit ramp.

(Ex. 1, 21:27:32.)  However, at the hearing, Trooper Estwick testified that Prokupek did not

signal his turn at the stop sign when he turned north onto the highway. (Filing No. 63 ("Tr.

1"), 26:17-18.)  Both Defendants argue that at least one of these statements is false, and

because of this discrepancy Trooper Estwick's testimony is not credible and probable

cause was lacking to support the traffic stop.

In a similar situation involving a discrepancy between a videotape and an officer's

testimony, a defendant argued that a videotape contradicted an officer's testimony

regarding an altercation in a defendant's car at the time of a traffic stop. The court concluded that the argument was not persuasive because: the videotape showed significant movement in the car by both the defendant and the passenger; it neither demonstrated conclusively that there was an altercation occurring nor contradicted the officer's testimony.  Despite the lack of corroboration for the officer's testimony, the district court credited his testimony.  "Such credibility determinations by district courts are 'virtually unreviewable.'"  *United States v. Walker,* 494 F.3d 688, 692-93 (8th Cir. 2007) (quoting *United States v. Heath,* 58 F.3d 1271, 1275 (8th Cir.1995)).

Similarly, the videotape does not show that Prokupek signaled a turn. Viewed together with Trooper Estwick's testimony, the evidence shows that at least one of the turns was not signaled and was viewed by Trooper Estwick.  Therefore, despite this discrepancy, after a careful review of the record, the law and the objections, the Court concludes that Prokupek failed to stop at one of the two described places, and in that respect Trooper Estwick's testimony is credible.  Probable cause supported the traffic stop.  *United States v. Stachowiak,* 521 F.3d 852, 855 (8th Cir. 2008) (a minor traffic violation constitutes probable cause for a traffic stop even when the stop is pretextual).  Therefore, the Defendant's objections are denied.

## IV.    *Scope and Duration of the Stop*

Both Defendants argue that the stop was unreasonably long in length and duration. Reasonableness is a fact-sensitive issue determined by viewing the totality of the circumstances.  *United States v. Suitt,* 569 F.3d 867, 871 (8th Cir. 2009).

Trooper Estwick testified that Prokupek had glossy eyes and was agitated and gritted his teeth.  The videotape shows that Prokupek was dazed and under the influence

4

of one or more substances.  In Trooper Estwick's experience, these are signs of possible drug use.  Prokupek had no driver's license or identification.  The car had Michigan plates.  Prokupek's and McGlothlen's explanations of why they were in Lincoln did not match.  Reasonable suspicion clearly existed to expand the scope of the stop.  The backup officer with the drug dog arrived a few minutes after the stop.  The dog sniff was done without delay.  The stop was not unduly long, especially given the out-of-state plates, McGlothlen's possession of two driver's licenses, and Prokupek's lack of a license on his person or any identification.  The stop was reasonable in scope and duration under the facts of this case and the totality of the circumstances.  The objections are denied.

Additionally, McGlothlen argues that she was unreasonably detained because Prokupek appeared to have be under the influence.  Trooper Estwick also noted the discrepancy between the Defendants' stories regarding their stop in Lincoln.  "Contradictory statements establish the reasonable suspicion necessary to detain a motorist further and to interview passengers."  *United States v. Pulliam,* 265 F.3d 736, 740 (8th Cir.  2001).  The objection is denied.

## V.      Dog's Alert; Dog's Indication; Probable Cause for Search of Car

Sergeant Lonnie Connelly testified to the manner in which his drug dog used in this case, Rocky, alerts.  (Tr. 1, 130:16-20.)  He also described the manner in which Rocky indicates.  (Tr. 1, 131: 1-6.)  Sergeant Connelly testified, and Judge Gossett found, that Rocky alerted and then indicated.  The Defendants argue: the terms "alert" and "indicate" were used interchangeably by Trooper Estwick; Rocky did not alert or indicate during the sniff of the car; and probable cause did not support the search of the car.

Regarding the use of the terms, Trooper Estwick testified that he knows the difference between the terms, he does not interchange them at significant times during a case, such as in court.  He acknowledged that he might have used them interchangeably when talking with Trooper Estwick during the stop.  (Tr. 1, 131:7-18.)

The Defendants argue that Rocky neither alerted nor indicated, and the dog sniff was not captured on videotape.  The Court viewed this portion of the videotape very carefully.  Although a closer view would have been helpful, it is possible to see Rocky's alert and indication on the videotape.  (Ex. 2.)

The Defendants rely heavily on court opinions in which it was found that probable cause was not established by a drug-dog alert.  *See, e.g., United States v. Heir,* 107 F. Supp. 2d 1088, 1091 (D. Neb. 2000) (Hon. Richard G. Kopf).  In deciding *Heir,* Judge Kopf determined that the officer in question testified that his dog's alert might not be noticeable to others, and the officers acknowledged that the alert was not captured on videotape.  *Id. Heir* is distinguishable.  In this case, the videotape corroborates Sergeant Connelly's testimony by showing even a layperson that Rocky both alerted and indicated to the presence of drugs in the car.  The Eighth Circuit has determined that a drug dog's positive indication establishes probable cause for a search.  *See, e.g., United States v. Olivera-Mendez,* 484 F.3d 505,  512 (8th Cir. 2007).  The objections are denied.

6

## VI.     *Reliability of the Drug Dog*

The Defendants challenge Rocky's reliability.  A large portion of the hearing was devoted to this issue.  The Defendants challenge Rocky's certification process and his accuracy.  Judge Gossett summarized in detail the expert testimony regarding these issues.  (Filing No. 77, at 10-26.)

The Eighth Circuit considered a less-than-ideal record of a drug dog in *United States v. Donnelly,* 475 F.3d 946 (8th Cir. 2007).  In that case, in at least 54% of the occasions in which the dog indicated only trace amounts of drugs were found.  The Eighth Circuit stated that "although Baron may not be a model of canine accuracy, his record is only one of the factors we consider in the totality of the circumstances calculation."  *Id.* at 955.  The court also considered the defendant's "behavior and condition," and the dog's history and pedigree and positive indication of drugs in the vehicle.  *Id.*

In this case, the Court is unconvinced by the Defendants' attack on Rocky's certification and reliability for the reasons stated in detail by Judge Gossett.  The Court does not find the Defendants' expert, Steven Douglas Nicely, credible.  His relevant experience is lacking.  The other expert testimony clearly established Rocky's certification and reliability using accepted familiar standards.  Rocky positively alerted and indicated to the presence of drugs in the car, and Prokupek clearly appeared under the influence.  These factors, together with the factors that provided reasonable suspicion to expand the scope and duration of the stop contributed to the existence of probable cause for the car's search.  The objections are denied.

## VII.    *Exhibit 108*

Prokupek argues that Judge Gossett erred in refusing to admit this exhibit, described as an executive summary of the National Research Council's Report to the United States Congress on the needs of the forensic science community, based on lack of authentication. Prokupek argues that as an official publication[1] the document is self-authenticating, is relevant to the defense argument that the Nebraska State Patrol's methods for training drug dogs is not scientifically based and is unreliable. Prokupek requests an evidentiary hearing for the purpose of admitting the entire document that was unavailable at the time of the hearing. The Court denies the request for an additional evidentiary hearing. The balance of the admitted evidence is overwhelming on the issue in question, and the Court finds little value in Exhibit 108 and declines to revisit Judge Gossett's evidentiary ruling. The objection is denied.

### CONCLUSION

For the reasons discussed, the Report and Recommendation is affirmed in all respects and the Defendants' motions to suppress are denied.

IT IS ORDERED:

1.    The Magistrate Judge's Report and Recommendation (Filing No. 77) is adopted in its entirety;

2.    The objections to the Report and Recommendation filed by the Defendant Ronald Prokupek (Filing No. 83) are overruled;

---

[1]The title of the document is "Free Executive Summary" of "Strengthening Forensic Science in the United States: A Path Forward," written by the Committee on Identifying the Needs of the Forensic Sciences Community and the Community on Applied and Theoretical Statistics, National Research Council.  (Ex. 108.)

3.     The objections to the Report and Recommendation filed by the Defendant

Christine McGlothlen (Filing No. 81) are overruled;

4.     The motion to suppress filed by the Defendant Ronald Prokupek (Filing No.

52) is denied; and

5.     The motion to suppress filed by the Defendant Christine McGlothlen (Filing

No. 49) is denied.

DATED this 14th day of August, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge