# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:08CR183 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | SUPPLEMENTAL |
| ) | MEMORANDUM AND ORDER |
| RONALD PROKUPEK and ) | AND FINDINGS OF FACT |
| CHRISTINE McGLOTHLEN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the order from the Eighth Circuit Court of Appeals for a supplemental order (Filing No. 160), the government's motion to reopen the suppression hearing (Filing No. 161), and the objections to the government's motion filed by each of the Defendants (Filing Nos. 162, 163).

## PROCEDURAL BACKGROUND

The Defendants Ronald Prokupek and Christine McGlothlen filed motions to suppress, arguing in part that probable cause did not exist for the stop of their vehicle. (Filing Nos. 49, 52.) At the suppression hearing, Trooper Estwick testified that, at the time of the traffic stop, he was in his patrol car on the west side of an off ramp at an exit north of the Interstate. (Filing No. 63, at 6:4-6; 26:20-25.) Much discussion was had to clarify whether Prokupek, the driver, failed to signal his exit off the Interstate onto the exit ramp or, alternatively, his turn from the exit ramp onto the county road. (*Id.*, 27:1-29:18.)

Magistrate Judge F.A. Gossett issued a report and recommendation recommending that the motions to suppress filed by the Defendant Ronald Prokupek (Filing No. 52) and the Defendant, Christine McGlothlen (Filing No. 49), be denied. Judge Gossett found

Trooper Estwick credible regarding his testimony that he witnessed Prokupek's failure to signal his northbound turn from the ramp onto the county road. (Filing No. 77, at 26.)

The Defendants objected to the Report and Recommendation, and this Court denied the objections and adopted the Report and Recommendation. In its Memorandum and Order, this Court stated:

> According to the videotape, Trooper Estwick told Prokupek that Prokupek signaled his turn onto the highway but did not signal his turn from the interstate to the exit ramp. (Ex. 1, 21:27:32.) However, at the hearing, Trooper Estwick testified that Prokupek did not signal his turn at the stop sign when he turned north onto the highway. (Filing No. 63 ("Tr. 1"), 26:17-18.) Both Defendants argue that at least one of these statements is false, and because of this discrepancy Trooper Estwick's testimony is not credible and probable cause was lacking to support the traffic stop.
> . . . .
> . . . [T]he videotape does not show that Prokupek signaled a turn. Viewed together with Trooper Estwick's testimony, the evidence shows that at least one of the turns was not signaled and was viewed by Trooper Estwick. Therefore, despite this discrepancy, after a careful review of the record, the law and the objections, the Court concludes that Prokupek failed to stop at one of the two described places, and in that respect Trooper Estwick's testimony is credible. Probable cause supported the traffic stop. Therefore, the Defendant's objections are denied.

(Filing No. 84, at 3-4 (citation omitted).)

Both Defendants pleaded guilty under conditional plea agreements, reserving the right to appeal from this Court's order denying their motions to suppress. On direct appeal, the Eighth Circuit Court of Appeals stated:

> Prokupek and McGlothlen argue that [Trooper Estwick's] testimony is contradicted by [his] contemporaneous statement, recorded by the camera on his cruiser's dashboard, that "the reason you got pulled over is because when you exited the interstate you didn't signal–you didn't signal your exit [inaudible]. You signaled your turn, but you didn't signal–exit–signal when you were getting on the exit." However, at the suppression hearing, Trooper Estwick testified that from his position in the northwest quadrant of the interchange, he could not have observed Prokupek fail to signal the vehicle's exit from Interstate 80. Prokupek and McGlothlen therefore maintain that

there was no probable cause for the traffic stop because the record cannot support the finding of a failure-to-signal violation either as the vehicle exited the interstate or as it turned onto the county road.

(Filing No. 160, at 2.)

The Eighth Circuit noted that this Court, in adopting the magistrate judge's Report and Recommendation, "did not adopt the finding that the failure to signal occurred when Prokupek turned the vehicle on to the county road" and "instead found that 'Prokupek failed to [signal] at one of the two described places.'" (*Id.*, at 3.) The Court remanded this case for a specific finding of fact as to which of the two places Prokupek failed to signal, stating:

> [T]he Government conceded at oral argument before this Court that probable cause could not be based on any failure to signal the vehicle's exit from the interstate on to the exit ramp because Trooper Estwick was not in a position where he could have observed any failure to signal the exit from the interstate. Moreover, the relevant facts regarding whether Prokupek failed to signal the vehicle's turn on to the county road are not undisputed, especially in light of Trooper Estwick's contemporaneous statement. Consequently, the district court's finding that Prokupek failed to signal the vehicle's turn "at one of the two described places" is insufficient.

(*Id.*, at 4.)

Therefore, the Eighth Circuit remanded the case for "further findings on the issue of probable cause for the traffic stop." (*Id.*, at 5.)

### REQUEST TO REOPEN THE SUPPRESSION HEARING

The government requests the opportunity to clarify the matter of Trooper Estwick's observation of Prokupek's failure to signal on to the county road and the resulting alleged statutory violation resulting in probable cause for the traffic stop. (Filing No. 161.) The Defendants argue, however, that Trooper Estwick was thoroughly examined, and the

3

government should not be allowed the opportunity to have Trooper Estwick explain the contradiction in the evidence.

The Court agrees that Trooper Estwick was questioned extensively with respect to the matter and concludes that the record is sufficient. Therefore, the Court denies the request to reopen the record with respect to the suppression hearing.

### FACTUAL FINDINGS

The Court finds Trooper Estwick's testimony at the suppression hearing to be credible, and finds that Prokupek failed to signal his turn before turning from the exit ramp on to the county road. The Court adopts Magistrate Judge Gossett's report and recommendation. The Court reaches these findings after a careful review of the record, including the testimony of Trooper Estwick and the video of the traffic stop. The Court acknowledges the apparent discrepancy between Trooper Estwick's testimony and his statement on the video tape, and concludes that his statement at the time of the traffic stop was an unintentional misstatement. Because a failure to signal violates Nebraska Revised Statute § 60-6,161 (2010), probable cause existed for the traffic stop in question. *United States v. Adler,* 590 F.3d 581, 583 (8th Cir. 2009) (a minor traffic violation provides probable cause for a traffic stop).

IT IS ORDERED:

1. The government's motion to reopen the suppression hearing (Filing No. 161) is denied;

2. The Defendants' objections to the government's motion to reopen the suppression hearing (Filing Nos. 162, 163) are granted; and

3.      The Clerk is directed to return the record and this supplemental order to the Eighth Circuit Court of Appeals for further action.

DATED this 5th day of January, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge